**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 1:21-cr-70-TBM-RPM
CIVIL ACTION NO. 1:23-cv-317-TBM**

**DALONZO LABBARRIAN FULLER**

### <u>ORDER</u>

Dalonzo Labbarrian Fuller pleaded guilty to possession with intent to distribute various controlled substances, including methamphetamine, heroin, and fentanyl. The actions that led to his arrest, and ultimately, his guilty plea, involved significant quantities of narcotics (at least one kilogram of heroin, at least 50 grams of methamphetamine, and fentanyl), a hydraulic press, digital scales, over a quarter-million dollars in cash, and a firearm. All these items were found in a storage unit that Fuller rented in Pascagoula. The severity of the crime resulted in a total offense level of 37.

But this is not Fuller's first offense. Indeed, Fuller has an extensive criminal history, including convictions for disobeying a police officer, contempt of court, resisting arrest, simple assault by threat, marijuana possession, cocaine possession, and oxymorphone possession. Fuller was assessed a criminal history score of 12, placing him in a criminal history category of V. He was ultimately sentenced to 324 months of imprisonment.

Now, Fuller has filed a Motion [59] to Vacate his sentence under 28 U.S.C. § 2255. Fuller seeks relief based on alleged ineffective assistance of counsel, claiming that his counsel failed to object to several criminal history points and request a downward variance based on methamphetamine purity policy disagreements. But the Court finds, based on the factors listed in

18 U.S.C. § 3553(a), as well as the presentation of arguments at sentencing, that 324 months remains an appropriate sentence for Fuller's offense. Further, Fuller's counsel did not provide ineffective assistance. Indeed, Fuller's counsel, who is now a state court trial judge, successfully objected to several major aspects of the Presentence Investigation Report that significantly impacted Fuller's guideline range. And in any event, the objections that Fuller raises in his Motion to Vacate are futile, so Fuller cannot prove deficient performance or prejudice.

Fuller has not presented independent indicia of the likely merit of his allegations. The "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is warranted and Fuller's Motion [59] to Vacate is DENIED.[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 11, 2021, South Mississippi Metropolitan Authorities ("agents") interviewed an unnamed individual who had been arrested for possession of heroin by the Moss Point Police Department. This individual told agents that they had recently purchased heroin from Dalonzo

---

[1] On June 4, 2026, Fuller filed a motion "requesting a copy of the two search warrant affidavits . . . issued on July 1, 2021 on Central Self-Storage facility." [68], p. 1. According to Fuller, these "affidavits are required to complete [his] pro-se appeals." *Id.* But a habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Indeed, "[d]iscovery is extremely limited in habeas corpus proceedings." *United States v. Saint-Jean*, 684 F. Supp. 2d 767, 773-74 (W.D. Va. 2010) (citing *Bracy*, 520 U.S. at 909). Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a petitioner must seek leave of court and demonstrate "good cause" before he is entitled to any form of discovery. *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014). A petitioner demonstrates "good cause" under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (citing *Bracy*, 520 U.S. at 908-09). Phrased differently, good cause exists when the petitioner's allegations "establish[] a prima facie claim for relief." *Underwood v. Cain*, Civil Action No. 3:06-CV-273-DPJ, 2024 WL 4311505, at *2 (S.D. Miss. Sept. 26, 2024) (citing *Murphy v. Johnson*, 205 F.3d 809, 914 (5th Cir. 2000)). Fuller has not made any specific allegations, other than his need for the affidavits for an appeal, that would lead the Court to believe that he is entitled to relief. Indeed, Fuller's request is conclusory and unsupported by specifics. *Underwood*, 2024 WL 4311505, at *2 ("To justify discovery, the petitioner's factual allegations 'must be specific, as opposed to merely speculative or conclusory.'" (quoting *Fields*, 761 F.3d at 478)). Also, Fuller's deadline to appeal anything passed years ago. And Fuller's plea agreement has an express waiver of his ability to appeal or to contest his conviction or sentence in a post-conviction proceeding. Fuller's request [68] is denied.

Fuller. This individual also mentioned that Fuller was storing a stolen motorcycle at a storage unit at Central Shelf Storage in Pascagoula, Mississippi. After the interview, agents confirmed that Fuller rented units 744 and 751 at Central Self Storage, 2902 Bartlett Avenue, Pascagoula, Mississippi. Agents then secured a search warrant for units 744 and 751. Through the use of a narcotic detection K-9, agents confirmed a positive response for narcotics in unit 744. During their search of that unit, agents seized approximately 1,554 grams of a brown powder substance, 417 grams of methamphetamine, and 813.9 grams of fentanyl. Upon a subsequent search of unit 751, agents seized $269,849.00, a firearm, and ammunition.[2]

On July 2, 2021, Fuller was charged in a criminal complaint with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. Fuller was later charged in a single count indictment with possession with intent to distribute various controlled substances, including a kilogram or more of a mixture or substance containing heroin, 50 grams or more of a mixture or substance containing methamphetamine, and a mixture or substance containing fentanyl.

Ultimately, with the assistance of counsel, Fuller entered into a plea agreement with the Government. Fuller agreed to plead guilty in exchange for the Government recommending that he be sentenced in the lower 50% of the applicable guideline range and that he receive an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. As part of his plea agreement, Fuller expressly waived his right to appeal his conviction and his right to file for post-conviction relief, but Fuller reserved his right to raise ineffective assistance of counsel claims. The Court questioned Fuller at his plea hearing to ensure that he understood the waivers contained in

---

[2] Fuller's conviction and total drug quantity are also supported by two drug transactions in March 2019 and an arrest on May 21, 2019. [39], p. 12.

the plea agreement, and upon finding that he did, the Court accepted Fuller's guilty plea. [38], 11:05-16:05.

In preparation for sentencing, probation prepared a Presentence Investigation Report ("PSR"). [39]. The PSR assigned Fuller a base offense level of 42 and a criminal history category of V, resulting in a guideline range of 360 months to life of imprisonment. In response, Fuller objected to a number of findings within the PSR, including: (1) the total drug quantity; (2) the two-level enhancement for alleged possession or utilization of a firearm in furtherance of a drug crime; (3) the two-level enhancement for importation of methamphetamine; (4) the two-level enhancement for maintaining a drug premises; (5) the two-level enhancement for criminal livelihood; and (6) a three-level enhancement for any aggravating role adjustment assigned to him. On June 30, 2022, the Court held Fuller's sentencing hearing. The Court questioned Fuller about his understanding of the proceedings and confirmed that Fuller read and understood the terms of the PSR. [56], p. 6. While under oath, Fuller testified that he read the PSR, reviewed it with his attorney, and agreed with the objections to the PSR that his attorney presented. *Id.* at pps. 6-7. To be sure, the Court questioned Fuller to ensure that he had no further objections "to any other information contained within the presentence investigation report," and Fuller agreed that he did not. *Id.* at p. 7. Fuller further affirmed that he agreed with all the factual content of the PSR. *Id.* at p. 7.

After ensuring that Fuller understood the PSR and had no further objections to its content,[3] the Court sustained Fuller's objection to the aggravating role adjustment, making the enhancement

---

[3] Indeed, the 74-page transcript from Fuller's sentencing hearing demonstrates defense counsel's thorough arguments and the Court's comprehensive analysis of the issues.

for criminal livelihood inapplicable. *Id.* at pps. 41, 56. The other objections were denied and resolved in favor of the Government. *Id.* at p. 41. After resolving the objections, Fuller's total offense level was 37 and his new guideline range for incarceration was 324 to 405 months. The guideline range for supervised release was five years. Upon consideration of the Section 3553(a) factors, Fuller was sentenced to 324 months—the lowest end of the guide range—followed by five years of supervised release and a fine of $10,000. His projected release date is November 22, 2044.[4]

The judgment was entered on July 7, 2022. Fuller appealed his conviction to the Fifth Circuit on July 6, 2022, but it was dismissed for want of prosecution on November 9, 2022. [52]. Fuller filed this Motion to Vacate [59] on November 13, 2023.

## II. DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, Fuller must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the Court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). The United States Supreme Court has emphasized that a collateral challenge to a conviction or sentence should not substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Once a sentence of imprisonment has been imposed, the Court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994).

---

[4] https://www.bop.gov/inmateloc/ (last visited July 9, 2026).

In his Motion, Fuller asserts that his sentence is subject to collateral attack based on ineffective assistance of counsel in violation of the Sixth Amendment. [60], p. 2. The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The Court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, in that " 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (citations omitted); *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) (citing *Strickland*, 466 U.S. at 687-88); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. In other words, the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (citation omitted). The question "is not whether counsel's actions were reasonable, but whether there is any reasonable

argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 92, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

Proving prejudice at the trial stage requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004). This is because "[a]ny error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. If the defendant fails to prove one of the elements, it is unnecessary to analyze the other. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.") (citing *Strickland*, 466 U.S. at 687). The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000).

Fuller asserts that his court-appointed attorney was ineffective for multiple reasons. For clarity, the Court divides his claims into the following categories: (1) criminal history points, and (2) the downward variance. For the reasons discussed below, Fuller's ineffective assistance of counsel claims are baseless. But even if not, Fuller would have received the same sentence for all of the reasons previously identified.

## A. Criminal history points

Fuller claims that he received ineffective assistance of counsel because his attorney failed to "object to the specific criminal history points objections [Fuller] . . . discussed with him." [60],

p. 5. Specifically, Fuller asserts that he should not have been assessed, and that his counsel should have objected to, two criminal history points "for resisting arrest and simple possession of marijuana." *Id.*

### i. Resisting arrest

One of Fuller's twelve criminal history points relates to his September of 2015 arrest and subsequent conviction for (1) resisting arrest and (2) simple assault by threat. [39], p. 20. Fuller objects to this single criminal history point because "resisting arrest should not be considered for criminal history points under [U.S.S.G.] § [4A1.2(c)(1)]." [60], p. 6. In calculating a defendant's criminal history points, "[s]entences for all felony offenses are counted" and those for "misdemeanor and petty offenses are counted, except as" detailed in Section 4A1.2(c), which includes "[r]esisting arrest." U.S.S.G. § 4A1.2(c), (c)(1). Since the PSR cites to Section 4A1.2(c)(1) in assigning one criminal history point for Fuller's conviction for resisting arrest and simple assault, the PSR shows that Fuller's resisting arrest conviction was not the basis for the criminal history point. In other words, the single criminal history point assigned for Fuller's conviction was assessed only for Fuller's simple assault by threat, not for resisting arrest.

Accordingly, Fuller's claim that his counsel was ineffective fails on this ground. Fuller cannot demonstrate that his counsel's performance was deficient. By citing to U.S.S.G. §§ 4A1.2(c)(1) and 4A1.1(c), probation assessed Fuller the single criminal history point for simple assault by threat. So any objections made by Fuller's counsel would be meritless, and it is well-established that "counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless." *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007). Regardless, Fuller failed to raise an objection to the criminal history point when presented

with the opportunity. At the sentencing hearing, the Court listed Fuller's objections to the PSR. [56], p. 5. After listing the objections, the Court asked if Fuller reviewed the PSR, which he answered in the affirmative. *Id*. at p. 6. When asked whether he had additional objections, Fuller said he had none. *Id*. When a defendant has intentionally abandoned a known right, the issue is waived. *See United States v. Rico*, 864 F.3d 381, 382 (5th Cir. 2017). By explicitly informing the Court that he had no additional objections to the PSR, he abandoned and waived those objections. [56], p. 7.

But even if his counsel's performance was deficient, Fuller cannot show that he would have been prejudiced by his counsel's failure to object. In other words, Fuller cannot prove by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 695. Indeed, even if Fuller had succeeded on his objection to this criminal history point, his total criminal history points would have still been between 10-12, so his criminal history category would have remained a V. The result of the proceeding would have been the same had Fuller's counsel objected. And in any event, the Court explained at the sentencing hearing that "if it erred in the treatment of any of the guideline applications in this case, then the Court would have imposed the identical sentence or variance or non-guideline sentence based on the nature and circumstances of the offense, the characteristics of the defendant, and the other sentencing factors" listed in Section 3553. [56], p. 71.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. Because Fuller has failed to make a showing of both deficient performance and sufficient prejudice, Fuller's ineffective assistance of counsel claim as to this criminal history point is without merit.

### ii. Marijuana possession

In July 2015, Fuller was arrested and subsequently convicted for possession of paraphernalia and possession of marijuana in a vehicle. Fuller argues that the criminal history point for possession of marijuana "should not have been included in his presentence report under Section 4A1.1(c). And trial counsel was ineffective for not objecting to such imposition[.]" [60], p. 7. According to Fuller, "simple possession is similar to the offenses described in . . . the United States Sentencing Guidelines" and "this court can easily determine that most of the . . . marijuana crimes (for possessing an ounce or less for personal use) only carry a penalty of an issuance of a ticket similar to a traffic infraction." *Id*. at pps. 6-7. In comparing penalties for marijuana possession to traffic infractions, Fuller points this Court to U.S.S.G. § 4A1.2(c)(2), which states:

> Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted: fish and game violations, hitchhiking, juvenile status offenses and truancy, local ordinance violations (except those violations that are also violations under state criminal law), loitering, minor traffic infractions (e.g., speeding), public intoxication, vagrancy.

While Fuller argues that "most states, including Mississippi," only issue a ticket for "possessing an ounce or less [of marijuana] for personal use," the Mississippi Code does not offer such a light penalty. [60], p. 7; *see* MISS. CODE ANN. § 41-29-139(c). And marijuana possession is still illegal under federal law. In any event, marijuana possession differs from the list and type of crimes identified in U.S.S.G. § 4A1.2(c)(2).

Thus, contrary to Fuller's assertion, marijuana possession does not "only carry a penalty of an issuance of a ticket similar to a traffic infraction." [60], p. 7. The criminal history point for marijuana possession and possession of paraphernalia was therefore properly assessed, and the result of the proceeding would have been the same even if Fuller's counsel had objected. In other

words, Fuller cannot prove by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 695.

Further, Fuller cannot show deficient performance. Like the criminal history point for resisting arrest, Fuller failed to raise an objection to this criminal history point when presented with the opportunity. [56], p. 7. Fuller's counsel cannot be considered deficient for failing to raise an objection that Fuller voluntarily waived. *See Rico*, 864 F.3d at 832. Fuller's ineffective assistance of counsel claim as to this criminal history point must fail.[5]

### iii. Retroactive application of Amendment 821

Fuller argues that the application of the two criminal history points "shall preclude [him] to benefit from the retroactive Amendment 821 that has the potential of reducing his criminal history points downward [by one point]." [60], p. 8. Fuller claims that "the recent 2023 U.S.S.G. Sentencing Guideline Amendment 821 retroactively provides [him] an additional point reduction from his 2 status points he received for being on parole for a state crime." *Id.* (citing [39], para. 122). Fuller argues that, if the Court were to find the two criminal history points for resisting arrest and marijuana possession inapplicable, the Court could also remove an additional criminal history point based on Amendment 821 to the United States Sentencing Guidelines. [60], p. 8. Fuller claims that this three-point reduction would place Fuller in a criminal history category of IV, which would reduce his sentencing guideline range to 292-365 months. *Id.*

---

[5] Fuller also relies on Amendment 821 of the Sentencing Guidelines, which had previously amended the commentary to U.S.S.G. § 4A1.3 to say that "[a] downward departure from the defendant's criminal history category *may* be warranted" if "[t]he defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person" U.S.S.G. § 4A1.3 cmt. n.3(A)(ii) (emphasis added). Fuller argues that he should receive a downward variance because his "simple possession of marijuana entailed a marijuana cigarette and rolling papers for his personal use." [60], p. 7. But "this amendment does not *require* a change to a defendant's criminal history category in this context." *United States v. Elizondo*, No. 23-50807, 2025 WL 830442, at *1 (5th Cir. 2025) (emphasis in original).

Amendment 821 to the Sentencing Guidelines altered the "status points" provision for determining a defendant's criminal history. *See United States v. Jones*, No. 2:17-cr-23-KS-MTP, 2025 WL 2245153, at *2 (S.D. Miss. Aug. 6, 2025). The version of Section 4A1.1 applicable when Fuller was sentenced in June 2022 stated: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (version prior to Amendment 821). But the amended provision, which went into effect in November 2023, states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023, amend. 821). So "a person who committed the instant offense under certain conditions and has otherwise received 7 or more criminal history points now receives only one additional 'status' criminal history point, instead of two[.]" *Jones*, 2025 WL 2245153, at *2.

But the retroactive application of the guideline amendments under U.S.S.G. § 1B1.10 has been addressed in *Dillon v. United States*. 560 U.S. 817, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). The Court explained that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. Accordingly, the Court requires district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline

provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." §1B1.10(b)(1).

Consistent with the limited nature of § 3582(c)(2)[6] proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id.* at 827.

It is true that if Fuller were sentenced today, U.S.S.G. § 4A1.1(e) would apply and Fuller would receive only one additional point to his criminal history score because he committed the crime while on parole. [39], para. 122. In that case, his criminal history score would decrease from 12 to 11. The Court has already found Fuller's argument regarding marijuana and resisting arrest unpersuasive, so Fuller would not be entitled to the reduction of three criminal history points. Accordingly, Fuller would remain at a criminal history category of V and total offense level of 37, meaning the guideline range would remain at 324-405 months.

And the Court explained at Fuller's sentencing hearing that even if the guideline range were miscalculated, the Court would "have imposed the identical sentence or variance or non-guideline sentence based on the nature of the circumstances of the offense, the characteristics of the defendant, and the other sentencing factors" found in 18 U.S.C. § 3553(a). [56], p. 71. Specifically,

---

[6] While Fuller brings this motion under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2) allows the Court to modify a term of imprisonment once it has been imposed.

as to the Section 3553(a) factors, the Court noted that Fuller was "engaged in drug trafficking for heroin, for meth, and for fentanyl. The amounts of fentanyl that [Fuller] had could certainly kill individuals easily." *Id.* at p. 61. The Court also noted that Fuller has been "engaged in [drug trafficking] since the age of 18." *Id.* at p. 62. On the other hand, the Court considered that Fuller was "raised in difficult circumstances . . . [and] had a tough upbringing." *Id.* at p. 63. To be sure, the Court fully considered the nature and circumstances of the offense, Fuller's history and characteristics, and his criminal history. *Id.* at p. 64. With those considerations in mind, the Court found that 324 months was an appropriate sentence, and it was one that the Court would have reached even if the Court erred in calculating the guideline range.

## B. The downward variance

Finally, Fuller asserts that he was denied effective assistance of counsel when his attorney "failed to file a motion for a downward variance based on methamphetamine policy disagreement." [60], p. 9. In doing so, Fuller ignores that his counsel did, in fact, request a downward variance to 262 months. *See* [56], pps. 57-59 ("I would like to make a recommendation . . . of 262 months.); *see also* [56], pps. 60-61 ("[Y]our counsel has requested that [the Court] go down from [the] guideline range and sentence you to close to 22 years in prison, or 262 months, in light of your conduct[.]").[7]

Nevertheless, Fuller asks this Court to deviate from the Sentencing Guidelines because "numerous district courts have [begun] to recognize such drastic disparities in methamphetamine cases and are more inclined to consider policy disagreement variance motions." *Id.* at p. 10. Relying on the fact that "at least eleven district courts across the United States have deviated from the

---

[7] Fuller's counsel did not file a written motion for a downward variance, but the Court heard the oral request at Fuller's sentencing. The Court does not require written motions for downward variance arguments.

guidelines and [applied] the methamphetamine 'mixture' to all methamphetamine violations, regardless of whether the defendant possessed 'actual' or 'mixture,'" Fuller implores this Court to so deviate from the purity-driven methamphetamine guidelines. *Id.*[8]

The U.S. Sentencing Guidelines use drug purity as a proxy for defendant's culpability for methamphetamine. As such, the guidelines refer to three categories of methamphetamine for purposes of determining the quantity of the drug: methamphetamine "mixture," "actual" methamphetamine, and "ice." *See* U.S.S.G. § 2D1.1(c), notes B-C. Generally, defendants caught with actual methamphetamine face longer sentences under the guidelines than defendants caught with methamphetamine mixture. U.S.S.G. § 2D1.1(c). While some courts have granted "a downward [variance] at the time of sentencing based on a policy disagreement with the sentencing guidelines' focus on the purity of the methamphetamine," this represents what *may* be done in the court's discretion. *See United States v. Rodriguez-Flores*, No. 2:05cr21-KS-MTP, 2023 WL 4306755, at *4 n. 10 (S.D. Miss. June 30, 2023).

Relying on *United States v. Robinson*, Fuller asks this Court to reduce his sentence in light of the disparity issues in methamphetamine cases. [60], p. 11; *see also United States v. Robinson*, No. 3:21-cr-14, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022). In *United States v. Thomas*, this Court discussed and distinguished *Robinson*. For those same reasons, the Court finds *Robinson* to be distinguishable here. *United States v. Thomas*, No. 1:23-cr-39-TBM, 2024 WL 5108451, at *4 (S.D. Miss. Dec. 13, 2024). And even if this Court followed the reasoning in *Robinson*, doing so would

---

[8] Fuller claims that if this Court were to adopt the "policy disagreement with the purity-driven guidelines[,] . . . the outcome of [his] sentence would have been different." [60], p. 12. Specifically, Fuller argues that "his sentence would have been 262 months instead of the 324 months he actually received." *Id.* But at sentencing, Fuller's counsel requested that he be sentenced to only 262 months. [56], p. 58. The Court finds, just as it did at sentencing, that 262 months of imprisonment would be "inappropriate . . . based off the offense and [Fuller's] history and characteristics." *Id.* at p. 61.

15

not equate to a non-guideline sentence because, based on their criminal histories, Fuller is a distinctly different criminal than the defendant in *Robinson*, whose criminal history score was zero which resulted in a criminal history category of I. *United States v. Robinson*, No. 3:21-cr-14 (S.D. Miss. Dec. 23, 2022) (Dkt. No. 112). Fuller, on the other hand, has a criminal history score of twelve and a criminal history category of V. [39], p. 21. Accordingly, a downward variance would be inappropriate in Fuller's case. As evidenced by the information collected and published by the Sentencing Commission in June of 2024,[9] methamphetamine offenses are extremely serious and the threat to the health and safety of the community is not improving. *Thomas*, 2024 WL 5108451, at *5; *see also United States v. Johnson*, No. 1:21-cr-48-TBM-RHWR, 2025 WL 35027, at *11 (S.D. Miss. Jan. 30, 2025). As a result, a downward variance would not reflect the seriousness of Fuller's offense, would not promote respect for the law, provide just punishment for the offense, nor deter criminal conduct.[10]

And further, the Court found that a downward variance would be inappropriate in Fuller's case because of the Section 3553 factors. At Fuller's sentencing, the Court analyzed the Section 3553 factors to "ensure that [this Court] impose[d] a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing." [56], p. 57. Even if Fuller's counsel had raised the downward variance objection, the decision to apply the downward variance is a discretionary one. In determining Fuller's sentence, this Court explained that the purposes of sentencing include "the need for the sentence to reflect the seriousness of the crime, promote

---

[9] United States Sentencing Commission, Methamphetamine Trafficking Offenses in the Federal Criminal Justice System, June 2024, PDF p. 6; publication pagination p. 2, www.ussc.gov/sites/default/files/pdf/ research-and-publications/research-publications/2024/202406_Methamphetamine.pdf.

[10] The Sentencing Commission has considered amending the methamphetamine guidelines and has declined to do so. This makes sense in light of all of the concerning statistics and dangers of methamphetamine that the Sentencing Commission itself has highlighted.

respect for the law, to provide just punishment for the offense, and to protect the public from future crimes by the defendant." *Id*. While this Court sentenced Fuller "below the government's recommendation," this Court also noted that "it is inappropriate . . . to go outside of the guidelines in this case based off of the offense and [Fuller's] history and characteristics." *Id*. at p. 61.

Accordingly, Fuller's ineffective assistance of counsel claim also fails on this ground. Because the decision to apply the downward variance is a discretionary one, and because this Court thoroughly analyzed both the Sentencing Guidelines and the Section 3553 factors in determining Fuller's sentence, Fuller can show neither deficient performance nor prejudice. Indeed, the Court considered that the quantity of drugs involved "was certainly enough to destroy families," that Fuller had been engaged in criminal conduct since the age of 18, and that he "repeatedly put other people's lives in danger by distributing extraordinarily powerful drugs[.] [56], pps. 61-62. But the Court also considered Fuller's "tough upbringing," the "circumstances that were very difficult to overcome in [his childhood," the letters of support written on Fuller's behalf, and Fuller's own letter that he read at sentencing. *Id*. at pps. 59, 63-64. By weighing these factors, the Court held at sentencing that it would have reached the same sentence even "if it erred in the treatment of any of the guideline applications in this case." *Id*. at p. 71.

Further, any arguments made about methamphetamine policy disagreements would have been futile. And deficient performance cannot be shown simply because counsel fails to make a futile motion. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *see also McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989). In fact, counsel is entitled to "make an informed decision that certain avenues will not be fruitful." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Following Fuller's sentencing hearing, his counsel explained that the motion for downward variance

"probably would have been denied anyway." [61], p. 2. In assessing the alleged failure of Fuller's counsel to ask for a downward variance as to methamphetamine policy disagreement, this Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The fact that Fuller's counsel refrained from filing a motion that "probably would have been denied anyway" falls within the wide range of adequate professional assistance. [61], p. 2. So Fuller cannot "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Id.* at 687. Because Fuller has failed to prove deficient performance, his ineffective assistance claim as to the downward variance fails.

## C. Evidentiary hearing

A Motion to Vacate filed under 28 U.S.C. § 2255 does not "automatically mandate a hearing." *United States v. Hughes*, 635 F.2d 449 (5th Cir. 1981). A hearing is not required if "(1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Palacios*, 928 F.3d 450 (5th Cir. 2019). Further, this issue is reviewed for abuse of discretion and, if a hearing is denied, Fuller can only prevail if he presents "independent indicia of the likely merit of [his] allegations." *See United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008). Because Fuller has failed to produce any independent indicia of the likely merit of his allegations, as discussed fully above, he is not entitled to an evidentiary hearing. Alternatively, a hearing is

unnecessary as Fuller would not be entitled to relief, even if his factual assertions were true. The record in this case is adequate to dispose fully and fairly of Fuller's Motion.[11]

But to be sure, this Court distinguishes a recent unpublished Fifth Circuit opinion where the court remanded a case after finding that the defendant was entitled to an evidentiary hearing on his Section 2255 motion based on a claim of ineffective assistance of counsel. *United States v. Griffin*, No. 22-60453, 2024 WL 3174504, *3-4 (5th Cir. June 25, 2024). In *Griffin*, the defendant was indicted on drug-trafficking charges and entered into a plea agreement with the assistance of counsel. *Id.* at *1. He was sentenced as a career offender to a 262-month imprisonment term—the lower 25 percent of the Guideline range. *Id.* He subsequently filed a Section 2255 motion alleging that he received ineffective assistance of counsel. The defendant argued that his counsel *did not advise him* that he would be subject to the career-offender enhancement at sentencing and he therefore could not make an informed decision about whether to plead guilty. *Id.* at *2. The Fifth Circuit found that taking the defendant's allegations as true, his counsel's advise arguably tainted the desirability of his plea agreement, and the defendant's ineffective assistance of counsel claim potentially had merit. *Id.* at *4. The case was remanded to the district court.

But *Griffin* is starkly different from what Fuller presents here. Fuller does not argue that he was ill-advised by his counsel. Rather, he argues that his counsel should have made additional objections to the criminal history points and argued for a downward variance based on

---

[11] Fuller also requests "appointment of counsel." [60], p. 1. The Court may appoint counsel to an indigent criminal defendant to pursue relief under 28 U.S.C. § 2255, but because Section 2255 proceedings are independent suits, there is no constitutional right to appointment of counsel. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992); *see also United States v. Eneanya*, 2008 WL 5158244, at *7 (S.D. Tex. Dec. 9, 2008). And while counsel may be appointed where "the interests of justice so require," the issues presented by Fuller are not particularly complex, and his motion adequately highlights the issues and pertinent facts in the record. *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985); *see also Eneanya*, 2008 WL 5158244, at *8. Accordingly, Fuller's request that he be appointed counsel is denied.

methamphetamine purity. Fuller's counsel, who became a state trial court judge just before Fuller filed this Motion to Vacate, made several objections at the sentencing hearing. *See* [65], p. 2 ("[T]he defendant's former counsel is no longer engaged in the private practice of law, having been elected Circuit Judge for the Nineteenth Circuit Court District."); *see also* [56], pps. 5-6. Indeed, some of those objections were resolved in Fuller's favor. *Id*. at p. 41. Fuller does not submit a declaration detailing how any advice from his counsel, or lack thereof, caused him to be uninformed during his guilty plea. This is not a scenario where a defendant may not have fully understood the likelihood of being found to be a career offender and the consequences that flow from that. Accordingly, Fuller's case is different from *Griffin*. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (explaining that a Section 2255 motion "can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."); *Griffin*, 2024 WL 3174503, at *3 ("In determining what the motions, files, and records show, [the] court may consider the defendant's affidavit as to what his counsel advised him") (citing *United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013)).

Because Fuller has not presented any evidence justifying a hearing, and because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," an evidentiary hearing is not warranted. 28 U.S.C. § 2255(b). Fuller's Motion to Vacate under 28 U.S.C. § 2255 [59] for ineffective assistance of counsel is DENIED.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Fuller's Motion [59] to Vacate his sentence under 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Fuller's Motion [68] Requesting Copies is DENIED.

This, the 9th day of July, 2026.

_____

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**
